UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SCOTT HOWARD,

    Plaintiff,

vs.                                       No. 1:23-1262-STA-jay

JOSEPH FOX,

    Defendant.

---

WILLIAM SCOTT HOWARD,

    Plaintiff,

vs.                                         No. 1:23-1265-STA-jay

JOSEPH FOX and
CITY OF JACKSON,

    Defendants.

---

## ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff has filed related pro se complaints pursuant to 42 USC §1983 in case numbers 1:23-cv-01262-STA-jay, 1:23-cv-01265-STA-jay, and 1:23-cv-01266-JDB-jay. Plaintiff filed Case No. 1:23-cv-01262-STA-jay against Defendant Joseph Fox ("Howard I") alleging a claim of excessive force related to an arrest that took place on August 22, 2023. Subsequently, Plaintiff filed Case No. 1:23-cv-01265-STA-jay ("Howard II") alleging a claim of false imprisonment relating to the same arrest. Case number 1:23-cv-01266-JDB-jay is before a different judge, and, therefore, is not the subject of this order.

In his report and recommendation (ECF No. 9), the United States Magistrate Judge recommended that Howard I and II be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure; Plaintiff's Fourth Amendment excessive force claim against Defendant Fox proceed and process be issued and service effectuated by the United States Marshal Service in Howard I; his unreasonable seizure claim against Defendant Fox under the Fourth Amendment be dismissed in Howard II; and the City of Jackson Police Department be dismissed as a defendant in Howard II.

Plaintiff has filed objections (ECF No. 10) to the Magistrate Judge's report and recommendation in Howard I but not in Howard II. Plaintiff's objections appear to be addressed to the report in recommendation in 1:23-cv-01266-JDB-jay rather than in the present case(s).

When examining a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* Here, Plaintiff has timely filed objections; however, they are vague and non-specific, and, therefore, do not constitute proper objections. *See Hart v. Wood*, 2015 WL4393279, at *1 (W.D. Tenn. July 15, 2015) (citing *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (noting that the filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object); *Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *see also Cole v. Yukins*, 7 F. App'x 354,

356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Because Plaintiff's objections are vague and non-specific, the Court need not consider them and may treat the report and recommendation as though there was no objection. "[T]he failure to object to the magistrate judge's report[ ] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Court agrees with the Magistrate Judge's recommended disposition that the excessive force claim in Howard I should proceed and that the unreasonable seizure claim against Defendant Fox under the Fourth Amendment be dismissed and the City of Jackson Police Department be dismissed as a defendant in Howard II. Accordingly, there is no need to consolidate Howard I and Howard II because there are no claims remaining in Howard II, and the Clerk of the Court is **DIRECTED** to enter judgment in favor of Defendants in 1:23-cv-01265-STA-jay.

The Court **ADOPTS** the portion of the report and recommendation that the claim of excessive force against Defendant Fox proceed in 1:23-cv-01262-STA-jay and that process be issued and service effectuated by the United States Marshal Service on Defendant Fox.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  July 9, 2024

3